## Dow v. Dow et al.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

1. TRUSTEES—ACCOUNTING—SUPPORT OF BENEFICIARIES.
A wife held a mortgage on a farm, the title to which was in her husband's father. During her life-time, her children spent their summers on this farm; their board

going against the interest on the mortgage. After her death, her husband, trustee for the children under her will, was allowed by the court $10,000 annually for their support, of which no account was to be given. The children continued to spend their summers on the farm; no interest being collected on the mortgage. *Held*, that the court erred in compelling the trustee to make good the interest on the mortgage.

2. SAME—REMOVAL—EVIDENCE.

Losses from judicious investments in loans on real estate, caused by the failure of the borrower, which could not be anticipated by the trustee, form no ground for his removal.

Appeal from judgment on report of referee.

Action by Abbot L. Dow, trustee, against Margaret H. Dow and others, originally brought to obtain a decree allowing an annual expenditure from the income of the trust-estate for defendants, the beneficiaries. A referee was directed to settle the accounts of plaintiff; and from a judgment overruling his report in certain respects, and removing plaintiff as trustee, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. G. Low,* (*Thos. S. Moore,* of counsel,) for appellant. *William B. Davenport,* guardian *ad litem,* for respondents.

BARNARD, P. J. The plaintiff is the trustee of the residuary estate of Cornelia S. Dow, deceased, who was the wife of the trustee and mother of the defendants, who were the children of the trustee and the testatrix, his wife. When Mrs. Dow died, she held a mortgage on a New Hampshire farm, the title of which was in the father of the plaintiff. No interest was paid upon the mortgage, and in the summer the plaintiff and his children visited, for two or three months, their grandparents, upon the farm. There was no express agreement, but it was tacitly understood that the interest should go against the board of the children. This arrangement existed in the life-time of testatrix, and was only continued by the trustee afterwards. The trustee was allowed $10,000 a year for the support of the children. The decree, so far as it compels the trustee to make good the interest on the mortgage, is not supported by the facts. The estate was large, and the whole income was given for the infants' support. The trustee was justified, by the custom existing in his wife's life-time, in providing a home outside of a large city, whereby the health of the children would be benefited; and it should be deemed part of the $10,000, for which no account was to be given. The mortgage produced nothing, and the trustee should not be charged with the interest as if it had.

The charge against the trustee for profits on land purchased is improper. He made the contract as an individual. He was advised that he could not buy the land for the estate. The trustee agreed to loan money for the estate for the purposes of building. The land realized a profit. The evidence fails to show that the profit was obtained by reason of the loan, but was the result of a rise in value of the land. The loan was not ill-considered, and was made in good faith. The case shows no material loss in mortgages on real estate; none at all on the principal sum of the trust. The loan account upon the houses was increased by the failure of the builders to complete. The failure could not be foreseen, and the referee finds good faith in the advances, and that they were made to protect the trust-estate. It follows that there is no sufficient cause to remove the trustee. He was chosen by the mother of the children, and he is their father. He has done no intentional wrong, and but for a failure of the builders the loan on the real estate in question would have been wise and advantageous to the estate. The loss of interest account to the estate is due to causes outside of the acts of the trustee. It is more and more difficult to obtain interest at the legal rate. The best real-estate security will not bring a return of over 5 per cent., and out of this is to be paid the tax upon the fund. A net return, as shown upon this estate, of $2\frac{3}{4}$

per cent., is not unreasonable, and is fully up to the average of estates of such a considerable amount. The portion of the decree appealed from should be reversed, with costs to appellant out of the estate. All concur.